UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HOWARD LINDEN, as Personal Representative of the Estate of THERESA SURLES, | Civil Action No.: 16-13365<br>Honorable Denise Page Hood<br>Magistrate Judge Elizabeth A. Stafford |
| Plaintiff | |
| v. | |
| DRAKE AERIAL ENTERPRISES, LLC, *et al.*, | |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION TO DISMISS THIS ACTION DUE TO A PROPER PERMISSIVE JOINDER THAT DESTROYS SUBJECT MATTER JURISDICTION, RENDERING MOOT PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT [ECF No. 24].**

## I.   INTRODUCTION

Plaintiff Howard Linden's amended complaint against Defendants Drake Aerial Enterprises LLC and John Doe alleges that, on or about June 27, 2016, pilot John Doe, who was employed or an agent of Drake, had an airplane accident that resulted in decedent Theresa Surles's death. [ECF No. 6, PageID 23-24]. Linden averred that he is a Michigan resident; that Drake is an Ohio resident; that John Doe is, upon information and belief, an

Ohio resident; and that diversity of citizenship thus vested this Court with jurisdiction under 28 U.S.C. § 1332. [*Id.*, PageID 22-23]. Answering Linden's amended complaint, Drake denied as untrue the allegation that John Doe was a resident of Ohio. [ECF No. 13, PageID 54]. In its initial disclosures, Drake identified Seth Killian of Lansing, Michigan as a witness "who may have information related to Plaintiff's claims." [ECF No. 25-3, PageID 155]. In a separate paragraph, Drake stated that "[p]ilots and other individuals present at Detroit City Airport" on the date of the accident may have information as well, but it did not identify Killian as being one of those pilots or the pilot who was identified in the amended complaint as "John Doe." [*Id.*]. At a hearing before the Court on September 6, 2017, Linden represented (and Drake did not deny) that Drake did not affirmatively disclose that Killian was the pilot involved in the accident at issue—that Killian was "John Doe"—until May 31, 2017.

On June 16, 2017, Linden filed a motion for leave to file a second amended complaint to name Killian as a defendant in the place of John Doe. [ECF No. 24]. Drake objected, arguing that granting the amendment would destroy diversity jurisdiction, and that Drake would be prejudiced by having to answer a new action in state court. [ECF No. 25]. Because permissive joinder is warranted under the circumstances of this case and

2

because joining Killian would destroy diversity jurisdiction, the Court recommends that the complaint be dismissed.

## II. ANALYSIS

Although Linden moves to amend his complaint under Federal Rule of Civil Procedure 15, the Court's analysis must focus on whether joinder of Killian as a defendant is proper; if so, diversity jurisdiction is destroyed and the motion for leave to file a second amended complaint is moot.

The Court must first determine whether the person or entity is a necessary party under Federal Rule of Civil Procedure 19(a). *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 666 (6th Cir. 2004). At the hearing, the Court believed that Killian was a necessary party under Rule 19(a)(1)(A)[1], but subsequent research revealed that Linden's claims of joint and vicarious liability do not render Killian a necessary party. *Laethem Equip. Co. v. Deere & Co.*, 485 F. App'x 39, 44 (6th Cir. 2012) ("In a suit against one joint tortfeasor, a judgment for monetary relief can be completely satisfied without the presence of any other defendant."); *Samaha v. Presbyterian Hosp. in City of New York*, 757 F.2d 529, 531 (2d

---

[1] Linden argues that Rule 19(a)(1)(B) applies here, but as its text states, that subsection requires joinder of a party who "claims an interest relating to the subject matter of the action . . . ." Linden does not show that Killian claims an interest relating to the subject matter of this action, so Rule 19(a)(1)(B) is inapplicable.

3

Cir. 1985) ("[I]t is settled federal law that joint tortfeasors are not indispensable parties."); *Kunina v. 7 W. 82 LLC*, No. 15-CV-4755 SAS, 2015 WL 7075966, at *2 (S.D.N.Y. Nov. 12, 2015) ("The same principle applies to vicarious liability.").

Federal Rule of Civil Procedure 20 is thus applicable; it permits joinder of new defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Rule 20(a)(2)(A), (B). There is a dearth of case law within the Sixth Circuit regarding permissive joinders in cases filed under Section 1332, but Drake cites cases that were removed from state court under 28 U.S.C. § 1447. Section 1447(e) states, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." This section evidences Congress' intent to require court's in removal cases to "take into account the original defendant's interest in its choice of forum." *Wells v. Certainteed Corp.*, 950 F. Supp. 200, 201 (E.D. Mich. 1997). Section 1332 does not have

4

language parallel to Section 1447(e) that requires the Court to take into account Drake's choice of forum.

Even applying the § 1447(e) factors upon which Drake relies, joinder would be warranted. "Those factors are (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in seeking amendment, (3) whether the plaintiff will be significantly prejudiced if amendment is not allowed and (4) any other equitable factors." *Eastman v. The Peggs Co.*, No. 08-CV-12036, 2008 WL 2714429, at *1 (E.D. Mich. July 8, 2008). The factor of primary importance appears to be the motive of the plaintiff in seeking the amendment to join a non-diverse party. *Hargrove v. Clark Equip. Co.*, No. 84 CIV. 3927 (RLC), 1984 WL 1377, at *1 (S.D.N.Y. Dec. 26, 1984) (permitting joinder when there was "no reason to believe that the sole motive underlying the plaintiff's motion is to deprive this court of jurisdiction."); *Van Dyke v. Safety-Kleen Sys., Inc.*, No. CV0902689DDPAGRX, 2009 WL 10675197, at *2 (C.D. Cal. July 28, 2009) (permitting joinder when there was no evidence that the plaintiff's only motive was to destroy diversity).

Here, there is no evidence that Linden seeks to add Killian solely for the purpose of destroying diversity. To the contrary, Linden *chose* to file his complaint in federal court, and his amended complaint named "John

5

Doe" as a defendant, alleging that he was individually responsible for the accident that led to Surles's death. [ECF No. 6]. Drake alleges that Linden should have known earlier because Killian's name was identified in media coverage of the accident, but Drake provides no evidence of either the media coverage or Linden's awareness of it. [ECF No. 25, PageID 134]. Drake notes that it identified Killian as a witness on its initial disclosures, but it obliquely identified Killian as only a witness who "may" have knowledge of the accident. [ECF No. 25-3, PageID 155]. Drake accuses Linden of forum shopping because he initially filed a lawsuit in a state court in Michigan, which was later dismissed, that averred that "John Doe" was a Michigan resident. [ECF No. 25, PageID 137]. But Drake's theory that Linden is simply forum shopping makes no sense because, if Linden knew the true identity and residence of "John Doe" when he filed his federal lawsuit, he would have also known that that information would ultimately destroy diversity. The Court finds that Linden intended from the beginning to include the actual identity of "John Doe" in this lawsuit, and that that is his only motive for seeking to join Killian as a defendant at this juncture.

The next factors require consideration of whether Linden has been dilatory and whether Drake would be prejudiced by allowing the joinder. Drake provides no evidence that Linden knew either the identity of the pilot

6

or his residence prior to May 31, 2017. Nor does Drake show that it will be prejudiced if the case is dismissed due to lack of subject matter jurisdiction. This case is not at an advanced stage; discovery is not scheduled to close until October 31, 2017, the parties have taken only four depositions, and trial is not scheduled until May 22, 2008. [ECF No. 23]. Moreover, Drake could have avoided any of the prejudice of which it complains. It knew when answering the complaint and providing initial disclosures that Killian was the pilot and that he lived in Michigan; Drake knew that subject matter jurisdiction would be destroyed when and if Killian were joined as a defendant. Under Federal Rule of Civil Procedure 1, Drake shared the responsibility of acting to "secure the just, speedy, and inexpensive determination" of this action. Having sat on the knowledge that "John Doe" was not a diverse party, Drake should not now be heard to complain of the time it wasted in federal court.

Other equitable factors weigh in Linden's favor. Linden's complaint names Killian as the party whose negligence was allegedly primarily responsible for the accident at issue; Killian is not an ancillary party. And if joinder is not allowed, Linden would be forced to pursue his claims against Killian in a parallel state court action, which would cause a wasteful duplication of attorney and judicial resources.

Weighing these factors, this matter should be dismissed for lack of subject matter jurisdiction, allowing Linden to refile his action against both Drake and Killian in state court.

## III. CONCLUSION

Linden's request to join Killian as a defendant should be found proper under Rule 20(a)(2), which destroys diversity jurisdiction under Section 1332. His amended complaint **[ECF No. 6]** should thus be **DISMISSED** for lack of subject matter jurisdiction, and his motion for leave to file a second amended complaint **[ECF No. 24]** should be **DENIED AS MOOT.**

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: September 7, 2017

### CERTIFICATE OF SERVICE
I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: September 7, 2017        s/Leanne Hosking  
                                Case Manager Generalist