UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD LINDEN, as Personal
Representative of the Estate of
THERESA SURLES,

      Plaintiff,

v.                                              Case No. 16-13365
                                              Hon. Denise Page Hood

DRAKE AERIAL ENTERPRISES, LLC,
*et al.*,

      Defendants.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION WITHOUT PREJUDICE

This matter is before the Court on Magistrate Judge Elizabeth A. Stafford's Report and Recommendation. **[Doc. No. 30]** Timely objections and a response to the objections were filed in this matter. **[Doc. Nos. 31, 32]** The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons.

Defendant Drake Aerial Enterprises, LLC ("Drake") objects to the Magistrate Judge's recommendation that this case be dismissed due to a proper permissive joinder that would destroy subject matter jurisdiction, rendering moot Plaintiff's Motion for Leave of the Court to Amend the Complaint. Drake

1

contends that the Magistrate Judge did not determine: (1) whether permissive joinder was fundamentally fair; (2) whether it would result in prejudice to either side, or (3) the motives of Plaintiff. The Court finds no merit in Drake's objections.

First, Plaintiff's Motion for Leave of Court to Amend the Complaint is based on the-now-known fact that the identity of the John Doe defendant is Seth Killian, a Michigan resident. The Court finds that suing (and naming) the pilot, particularly a pilot who had already been sued as a John Doe, in a case stemming from an airplane accident in itself comports with the principles of fundamental fairness.

Second, the Court is not persuaded that Drake is an innocent party, such that Drake has been harmed by the timing of Plaintiff's proposed amendment, nor by the dismissal of this action. The Court, like the Magistrate Judge, finds no evidence that Plaintiff failed to exercise diligence in determining the identity of the "John Doe" defendant or that Plaintiff delayed identifying the John Doe defendant. Rather, it appears that Drake took measures to avoid disclosing John Doe's identity (and the fact that he was a Michigan resident that would destroy diversity jurisdiction) at the outset of the action. The evidence shows that Drake indicated to Plaintiff that Seth Killian was a witness rather than the pilot of the plane, a fact

Drake knew (together with Seth Killian's residency) from the outset of this litigation. The Court finds that Defendant would not be unfairly prejudiced by the dismissal of this action.

Third, there is no evidence that Plaintiff's desire to add Seth Killian as a defendant was motivated by a desire to return to state court. Plaintiff previously filed an action in state court (including naming a John Doe defendant when he assumed the pilot was a Michigan resident because the accident occurred in Michigan). Plaintiff then filed the instant action (when he again sued a John Doe defendant, this time under the belief that the pilot was an Ohio resident because the pilot was employed by Drake). As a result, Plaintiff will have to file a third action, pay a third filing fee, and be delayed in obtaining a resolution of this matter. The Court also notes that, although discovery has been ongoing in this Court, there are no rulings or other actions that would suggest to Plaintiff (or any other party) that the Court is predisposed to rule in any particular manner, such that Plaintiff would be motivated to leave federal court for state court.

The Court accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Elizabeth A. Stafford **[Doc. No. 30, filed September 7, 2017]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Drake's Objections **[Doc. No. 31, filed September 21, 2017]** are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave of Court to Amend the Complaint **[Doc. No. 24, filed June 16, 2017]** is **DENIED as MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: October 6, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 6, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager